**UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA**

| Edward Lamar Carpenter,<br>Petitioner<br>-vs-<br>Charles L. Ryan, et al.,<br>Respondents. | CV-16-0471-PHX-NVW (JFM)<br><br>**Report & Recommendation<br>on Petition for Writ of Habeas Corpus** |

## I.  MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated in the Arizona State Prison Complex at Buckeye, Arizona, filed an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on April 11, 2016 (Doc. 10).  On April 28, 2016, Respondents filed their Answer (Doc. 12).   Petitioner filed a Reply on May 16, 2016 (Doc. 15), supplemented with an "Amended Reply" with omitted pages on May 23, 2016 (Doc. 17).  Respondents filed a Supplemental Answer (Doc. 19) on October 6, 2016, and Plaintiff filed his Supplemental Reply (Doc. 20) on October 17, 2016.

The Petitioner's Petition is now ripe for consideration.   Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II.  RELEVANT FACTUAL & PROCEDURAL BACKGROUND
### A.  FACTUAL BACKGROUND AND PROCEEDINGS AT TRIAL

On August 31, 2009, Petitioner was indicted in Maricopa County Superior Court, case number CR2009-007454.  (Exhibit A, Indictment)  (Exhibits to the Answer, Doc.

12 (Exhibits A to L) and the Supplemental Answer, Doc. 19 (Exhibits M to O), are referenced herein as "Exhibit ___.")

In disposing of Petitioner's direct appeal, the Arizona Court of Appeals summarized the factual background as follows:

> Carpenter was charged with five counts of fraudulent schemes and artifices and five counts of fraudulent schemes and practices after causing several individuals to participate in a "mortgage-elimination" or "mortgage-abatement" program from which he profited financially.

(Exhibit C, Mem. Dec. 10/16/12 at ¶ 2.)

Petitioner eventually proceeded to a jury trial, and was convicted as charged, and was sentenced to an aggregate term of 12 years' imprisonment.  (*Id.*; Exhibit D, Sentence 1/14/11.)  The trial court enhanced the range of sentence based on Petitioner's prior class 6 felony conviction in 2005 for presenting a false instrument for filing on October 4, 2002. (Exhibit D, Sentence 1/14/11 at 4.)

B.    **PROCEEDINGS ON DIRECT APPEAL**

Petitioner filed a timely direct appeal arguing the trial court erred in three ways: (1) improperly commenting on the evidence in a final jury instruction; (2) not *sua sponte* ordering a mistrial as a result of questioning by the prosecutor about prior conduct; (3) limiting his testimony about the prior conviction.  (Exhibit J, Opening Brief.)

On October 16, 2012, the Arizona Court of Appeals issued its Memorandum Decision (Exhibit C) affirming Petitioner's convictions and sentences. (*Id.* at ¶ 17.)  The court concluded that the trial court did not improperly comment on the evidence, but properly instructed the jury.  (*Id.* at ¶¶ 3-10.)  The court concluded the question by the prosecution was about prior conduct, not a prior conviction, and the court properly struck the question and directed the jury to disregard, and thus a mistrial was not appropriate. (*Id.* at  ¶¶ 11-13.)  Finally, the court concluded that the trial court did not abuse its discretion in ruling on the use of the sanitized prior conviction, allowed Petitioner to testify as he wished and merely cautioned Petitioner that the prosecution would be

2

allowed rebuttal if Petitioner went into the particulars of the prior.  (*Id.* at ¶¶ 14-16.)

In his Amended Petition, Petitioner alleges he sought review of his direct appeal by the Arizona Supreme Court, but provides no details on its filing.  (Doc. 10 at 3.)  Respondents allege none was filed.  (Answer, Doc. 12 at 3.)  Petitioner appends to his Reply (Docs. 15/17) as Exhibit C what he identifies as his "Direct Appeal Appellants Opening Brief and Petition for Review."  (*Id.* at 7.)  What is appended is his June, 2014 Amended Petition for Review to the Arizona Court of Appeals in case 1 CA-CR 13-0811.PRPC.  (*Id.* at 103.)  That is the case number for his PCR proceeding.  (*See* Exhibit B, Mem. Dec. 4/28/15.)

The mandate of the Arizona Court of Appeals reflects no motion for reconsideration or petition for review was filed.  (Exhibit E, Mandate 11/30/12.)  Petitioner did file a petition for review by the Arizona Supreme Court in his Post-Conviction Relief Proceedings addressed below.  (Exhibit I, Order 10/30/15 (denying PFR).)  Based on this record, the undersigned finds that Petitioner did not seek review by the Arizona Supreme Court in his direct appeal proceedings.

## C.   PROCEEDINGS ON POST-CONVICTION RELIEF

On or about November 7, 2012, shortly after the Arizona Court of Appeals' decision rejecting Petitioner's direct appeal, Petitioner filed a Notice of Post- Conviction Relief (PCR).  (Exhibit F, M.E. 11/71/12 (appointing counsel).).  Counsel was appointed, who eventually filed a notice of inability to bring a colorable claim on appeal.  (Exhibit B, Mem. Dec. 4/28/15 at ¶ 2.)  Petitioner proceeded to file a *pro se* PCR petition (Exhibit G.)  His petition raised several ineffective assistance of counsel claims and an appellate ineffective assistance of counsel claim, all under *Strickland v. Washington*, 466 U.S. 668 (1984).

In a detailed seven-page minute entry, the judge, who had presided over Petitioner's trial, did not find any of Petitioner's claims colorable and dismissed his PCR petition.  (Exhibit H, M.E. 7/19/13.)

Petitioner then sought review by the Arizona Court of Appeals, filing an original Petition for Review (Exhibit L) on November 12, 2013, and then submitting an Amended Petition for Review on or about June 6, 2014 (Exhibit M), which was not accepted for filing.  (Amend. Petition, Doc. 1, Exhibit D, Petitioner's Reply Brief at 1-2.)

Petitioner asserted the following bases for relief in the original Petition for Review: (1) the trial court erred in concluding trial counsel was not ineffective; (2) the trial court erred in concluding that appellate counsel was not ineffective; and (3) the trial court erred in failing to designate Petitioner's prior conviction as a misdemeanor. (Exhibit L).

While the Arizona Court of Appeals granted review, the Court denied any relief to petitioner.  The court rejected claims of ineffective assistance of trial counsel on: (a) failure to call lay and expert witnesses (Exhibit B, Mem. Dec. 4/28/15 at ¶ 4); (b) failure to investigate other mortgage programs (*id.*); (c) failure to offer evidence of a promissory note, 1933 congressional resolution, and an internet article (*id.* at 5, 6); (d) failure to object to testimony about other conduct by Petitioner (*id.* at ¶ 7); (e) failure to adequately advise Petitioner on testimony permitted at trial (*id.* at ¶ 8); (f) failure to move for a mistrial based on the court's comments on the evidence (*id.* at ¶ 9); (g) failure to object to a question regarding previous conduct by Petitioner (*id.*); and (h) failure to object to questions regarding Petitioner's religion (*id.*).  The court also rejected the claim of ineffective assistance of appellate counsel.  (*Id.* at ¶ 10.)  The court denied review of the claim regarding the prior conviction because Petitioner "did not raise this issue as part of his Rule 32 proceedings below."  (*Id.* at 11.)  Additionally, the Court noted that if Petitioner wished to challenge the prior conviction, he had to do it with a timely petition for post-conviction relief in that specific case, not the case in which the conviction was used to enhance the sentencing range. (*Id.*)

Petitioner then sought review by the Arizona Supreme Court. (Amend. Petition, Doc. 10 at Exhibit D, Petition for Review 6/17/15.)  On October 30, 2015, that court summarily denied review.  (Exhibit I, Order 10/30/15).

**D.   SPECIAL ACTION PROCEEDINGS**

On February 3, 2014, during the pendency of his PCR proceedings before the Arizona Court of Appeals, Petitioner filed a Petition for Special Action (Exhibit N), arguing that the PCR court judge violated his due process rights by ruling against him in his PCR petition.   On February 7, 2014, The Arizona Court of Appeals declined to accept jurisdiction of the Petition.  (Exhibit O)

**E.   PRESENT FEDERAL HABEAS PROCEEDINGS**

**Petition** - Petitioner commenced the current case by filing his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on February 22, 2016 (Doc. 1). Petitioner's Petition asserted the following two grounds for relief:

> In Ground One, Petitioner asserts that he received ineffective assistance of counsel and that his Sixth Amendment right to compulsory process and his Fourteenth Amendment right to equal protection were violated. In Ground Two, he claims that his Sixth and Fourteenth Amendment rights were violated because the trial court treated a prior conviction, which Petitioner claims was supposed to have been reduced to a misdemeanor following the successful completion of probation, as a felony and used it to enhance Petitioner's sentences in this case.

(Order 3/15/16, Doc. 6 at 2.)  Service and an answer were ordered.  (*Id.* at 3.)

On April 11, 2016, before an answer was filed, Petitioner filed an Amended Petition (Doc. 10).  In his Amended Petition, Petitioner repeated his Grounds 1 and 2, but added a new Ground 3 and 4, as well as attaching a variety of exhibits. Grounds 3 and 4 added the following claims:

> Petitioner's new Ground 3 asserts claims of malicious prosecution and false imprisonment in violation of the 14th Amendment, based upon the expiration of the statute of limitations, and reliance upon the misdemeanor prior. Petitioner's new Ground 4 asserts a violation of the 6th and 14th Amendments based upon the prosecution's questioning Petitioner about a prior bad act, the trial court's commenting on the evidence, and improperly limiting the scope of Petitioner's testimony.

(Order 4/13/16, Doc. 11).

**Response** - On April 28, 2016 Respondents filed their Response ("Answer") (Doc. 12) to the Amended Petition.  Respondents concede that the Petition is timely, but

argue Petitioner's claims are either unexhausted and procedurally defaulted, without merit, or non-cognizable state law claims.

**Reply** – Petitioner filed a Reply on May 17, 2016 (Doc. 15).  The Court observed that there appeared to be pages missing and granted leave to Petitioner to supplement his reply to provide the omitted pages.  (Order 5/19/16, Doc. 16.) Petitioner did so on May 23, 2016, by filing an Amended ("Corrected") Reply (Doc. 17).  Petitioner argues the merits of his claims and that he presented his arguments to the state courts to the best of his ability.

**Supplements** – In an Order filed September 28, 2016 (Doc. 18), the Court directed Respondents to supplement their Answer to identify which procedural bars they contend applied to the various claims, and to provide additional records.

On October 6, 2016, Respondents filed their Supplemental Answer (Doc. 19), providing additional records (Exhibits M, N, and O), raising Arizona's time bar and waiver ("preclusion") bar (*id.* at 3), and arguing that Petitioner's claims are precluded under Arizona's waiver bar, Ariz. R. Crim. Proc. 32.2(a)(3) (*id.* at 4-6).

On October 17, 2016, Petitioner filed his Supplemental Reply (Doc. 20), arguing his *pro se* status without benefit of a law library as a basis for "leniency in Petitioners Response's [sic]," the merits of his claims, his attempts to exhaust state remedies, and the constitutional nature of his claims.

### III.    APPLICATION OF LAW TO FACTS
### A.    EXHAUSTION, PROCEDURAL DEFAULT AND PROCEDURAL BAR

Respondents argue that some of Petitioner's claims are either procedurally defaulted or were procedurally barred on an independent and adequate state ground, and thus are barred from federal habeas review.

### 1.    Exhaustion Requirement

Generally, a federal court has authority to review a state prisoner's claims only if

available state remedies have been exhausted. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (*per curiam*). The exhaustion doctrine, first developed in case law, has been codified at 28 U.S.C. § 2254(b) and (c). When seeking habeas relief, the burden is on the petitioner to show that he has properly exhausted each claim. *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981)(*per curiam*), *cert. denied*, 455 U.S. 1023 (1982).

Ordinarily, to exhaust his state remedies, the petitioner must have fairly presented his federal claims to the state courts. "A petitioner fairly and fully presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the proper forum, (2) through the proper vehicle, and (3) by providing the proper factual and legal basis for the claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005).

**Proper Forum** - "In cases not carrying a life sentence or the death penalty, 'claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them.'" *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005)(quoting *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999)).

**Proper Vehicle** - Ordinarily, "to exhaust one's state court remedies in Arizona, a petitioner must first raise the claim in a direct appeal or collaterally attack his conviction in a petition for post-conviction relief pursuant to Rule 32." *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). Only one of these avenues of relief must be exhausted before bringing a habeas petition in federal court. This is true even where alternative avenues of reviewing constitutional issues are still available in state court. *Brown v. Easter*, 68 F.3d 1209, 1211 (9th Cir. 1995); *Turner v. Compoy*, 827 F.2d 526, 528 (9th Cir. 1987), *cert. denied*, 489 U.S. 1059 (1989).

**Factual Basis** – A petitioner must have fairly presented the operative facts of his federal claim to the state courts as part of the same claim. A petitioner may not broaden the scope of a constitutional claim in the federal courts by asserting additional operative facts that have not yet been fairly presented to the state courts. Expanded claims not presented in the highest state court are not considered in a federal habeas petition.

*Brown v. Easter*, 68 F.3d 1209 (9th Cir. 1995); *see also, Pappageorge v. Sumner*, 688 F.2d 1294 (9th Cir. 1982), cert. denied, 459 U.S. 1219 (1983).  And, while new factual allegations do not ordinarily render a claim unexhausted, a petitioner may not "fundamentally alter the legal claim already considered by the state courts." *Vasquez v. Hillery*, 474 U.S. 254, 260 (1986). *See also Chacon v. Wood*, 36 F.3d 1459, 1468 (9th Cir.1994).

**Legal Basis** - Failure to alert the state court to the constitutional nature of the claim will amount to failure to exhaust state remedies.  *Duncan v. Henry*, 513 U.S. 364, 366 (1995).   While the petitioner need not recite "book and verse on the federal constitution," *Picard v. Connor,* 404 U.S. 270, 277-78 (1971) (quoting *Daugherty v. Gladden*, 257 F.2d 750, 758 (9th Cir. 1958)), it is not enough that all the facts necessary to support the federal claim were before the state courts or that a "somewhat similar state law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982)(*per curiam*).  "[T]he petitioner must make the federal basis of the claim explicit either by specifying particular provisions of the federal Constitution or statutes, or by citing to federal case law," *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005), or by "a citation to a state case analyzing [the] federal constitutional issue." *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003).  But a drive-by-citation of a state case applying federal and state law is not sufficient.

> For a federal issue to be presented by the citation of a state decision dealing with both state and federal issues relevant to the claim, the citation must be accompanied by some clear indication that the case involves federal issues. Where, as here, the citation to the state case has no signal in the text of the brief that the petitioner raises federal claims or relies on state law cases that resolve federal issues, the federal claim is not fairly presented.

*Casey v. Moore*, 386 F.3d 896, 912 n. 13  (9th Cir. 2004).

**Proper Mode** - "[O]rdinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Baldwin v. Reese*, 541 U.S. 27, 32 (2004).

8

The Arizona habeas petitioner "must have presented his federal, constitutional issue before the Arizona Court of Appeals within the four corners of his appellate briefing." *Castillo v. McFadden*, 399 F.3d 993, 1000 (9th Cir. 2005).  *But see Insyxiengmay v. Morgan*, 403 F.3d 657, 668-669 (9th Cir. 2005) (arguments set out in appendix attached to petition and incorporated by reference were fairly presented).

## 2. **Procedural Default**

Ordinarily, unexhausted claims are dismissed without prejudice.  *Johnson v. Lewis*, 929 F.2d 460, 463 (9th Cir. 1991).  However, where a petitioner has failed to properly exhaust his available administrative or judicial remedies, and those remedies are now no longer available because of some procedural bar, the petitioner has "procedurally defaulted" and is generally barred from seeking habeas relief.  Dismissal with prejudice of a procedurally defaulted habeas claim is generally proper absent a "miscarriage of justice" which would excuse the default.  *Reed v. Ross*, 468 U.S. 1, 11 (1984).

Respondents argue that Petitioner may no longer present his unexhausted claims to the state courts.  Respondents rely upon Arizona's waiver bar, set out in Ariz. R. Crim. Proc. 32.2(a).  (Supplemental Answer, Doc. 19 at 4-6.)  Although Respondents have also referenced Arizona's time limit bar, set out in Ariz. R. Crim. P. 32.4 (*id.* at 3), Respondents make no argument that it applies to Petitioner's claims (*id.* at 4-6).

**Remedies by Direct Appeal** - Under Ariz.R.Crim.P. 31.3, the time for filing a direct appeal expires twenty days after entry of the judgment and sentence. Moreover, no provision is made for a successive direct appeal.  Accordingly, direct appeal is no longer available for review of Petitioner's unexhausted claims.

**Remedies by Post-Conviction Relief** – Under Arizona's waiver bar, Petitioner can no longer seek review by a subsequent PCR Petition.

Waiver Bar - Under the rules applicable to Arizona's post-conviction process, a claim may not ordinarily be brought in a petition for post-conviction relief that "has been waived at trial, on appeal, or in any previous collateral proceeding."   Ariz.R.Crim.P.

32.2(a)(3).   Under this rule, some claims may be deemed waived if the State simply shows "that the defendant did not raise the error at trial, on appeal, or in a previous collateral proceeding."  *Stewart v. Smith*, 202 Ariz. 446, 449, 46 P.3d 1067, 1070 (2002) (quoting Ariz.R.Crim.P. 32.2, Comments). *But see State v. Diaz*, 236 Ariz. 361, 340 P.3d 1069 (2014) (failure of PCR counsel, without fault by petitioner, to file timely petition in prior PCR proceedings did not amount to waiver of claims of ineffective assistance of trial counsel).

For others of "sufficient constitutional magnitude," the State "must show that the defendant personally, "knowingly, voluntarily and intelligently' [did] not raise' the ground or denial of a right."  *Id*.  That requirement is limited to those constitutional rights "that can only be waived by a defendant personally."  *State v. Swoopes*, 216 Ariz. 390, 399, 166 P.3d 945, 954 (App.Div. 2, 2007).  Indeed, in coming to its prescription in *Stewart v. Smith*, the Arizona Supreme Court identified: (1) waiver of the right to counsel, (2) waiver of the right to a jury trial, and (3) waiver of the right to a twelve-person jury under the Arizona Constitution, as among those rights which require a personal waiver.  202 Ariz. at 450, 46 P.3d at 1071.   Claims based upon ineffective assistance of counsel are determined by looking at "the nature of the right allegedly affected by counsel's ineffective performance.  *Id*.

Here, none of Petitioner's claims are of the sort requiring a personal waiver, and Petitioner's claims of ineffective assistance similarly have at their core the kinds of claims not within the types identified as requiring a personal waiver.

Exceptions - Rule 32.2 does not bar dilatory claims if they fall within the category of claims specified in Ariz.R.Crim.P. 32.1(d) through (h).  See Ariz. R. Crim. P. 32.2(b).  Petitioner has not asserted that any of these exceptions are applicable to his claims.   Nor does it appears that such exceptions would apply.  The rule defines the excepted claims as follows:

      d. The person is being held in custody after the sentence imposed has expired;
      e. Newly discovered material facts probably exist and such

facts probably would have changed the verdict or sentence. Newly discovered material facts exist if:

(1) The newly discovered material facts were discovered after the trial.

(2) The defendant exercised due diligence in securing the newly discovered material facts.

(3) The newly discovered material facts are not merely cumulative or used solely for impeachment, unless the impeachment evidence substantially undermines testimony which was of critical significance at trial such that the evidence probably would have changed the verdict or sentence.

f. The defendant's failure to file a notice of post-conviction relief of-right or notice of appeal within the prescribed time was without fault on the defendant's part; or

g. There has been a significant change in the law that if determined to apply to defendant's case would probably overturn the defendant's conviction or sentence; or

h. The defendant demonstrates by clear and convincing evidence that the facts underlying the claim would be sufficient to establish that no reasonable fact-finder would have found defendant guilty of the underlying offense beyond a reasonable doubt, or that the court would not have imposed the death penalty.

Ariz.R.Crim.P. 32.1.

Paragraph 32.1 (d) (expired sentence) generally has no application to an Arizona prisoner who is simply attacking the validity of his conviction or sentence. Where a claim is based on "newly discovered evidence" that has previously been presented to the state courts, the evidence is no longer "newly discovered" and paragraph (e) has no application. Here, Petitioner has long ago asserted the facts underlying his claims. Paragraph (f) has no application where the petitioner filed a timely notice of post-conviction relief. Paragraph (g) has no application because Petitioner has not asserted a change in the law since his last PCR proceeding. Finally, paragraph (h), concerning claims of actual innocence, has no application to the procedural claims Petitioner asserts in this proceeding.

Therefore, none of the exceptions apply, and Arizona's waiver bar would prevent Petitioner from returning to state court. Thus, Petitioner's claims that were not fairly presented are all now procedurally defaulted.

3.   **Procedural Bar on Independent and Adequate State Grounds**

Related to the concept of procedural default is the principle of barring claims

11

actually disposed of by the state courts on state grounds. "[A]bsent showings of 'cause' and 'prejudice,' federal habeas relief will be unavailable when (1) 'a state court [has] declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement,' and (2) 'the state judgment rests on independent and adequate state procedural grounds.' " *Walker v. Martin,* 562 U.S. 307, 316 (2011).

In *Bennett v. Mueller*, 322 F.3d 573 (9th Cir.2003), the Ninth Circuit addressed the burden of proving the independence and adequacy of a state procedural bar.

> Once the state has adequately pled the existence of an independent and adequate state procedural ground as an affirmative defense, the burden to place that defense in issue shifts to the petitioner. The petitioner may satisfy this burden by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule. Once having done so, however, the ultimate burden is the state's.

*Id.* at 584-585.

Petitioner fails to proffer anything to suggest that Rule 32.2(a) is not an independent and adequate state ground, sufficient to bar federal habeas review of claims a defendant could have but did not raise on direct appeal. The federal courts have routinely held that it is. "Arizona's waiver rules are independent and adequate bases for denying relief." *Hurles v. Ryan*, 752 F.3d 768, 780 (9th Cir.) *cert. denied*, 135 S. Ct. 710 (2014). *See also Stewart v. Smith*, 536 U.S. 856, 861 (2002) (Arizona's waiver rule is independent of federal law); and *Ortiz v. Stewart*, 149 F.3d 923, 932 (9th Cir. 1998) (adequate because consistently and regularly applied).

**4.   Application to Petitioner's Claims**

Here, Petitioner has made three forays to the Arizona Court of Appeals, on direct appeal, on post-conviction relief, and in his Petition for Special Action.

**a.   Petition for Special Action Irrelevant**

Where a claim is cognizable in the Arizona courts on direct appeal or in a Rule 32

post-conviction relief proceeding, presenting it in a state habeas petition or petition for special action is not adequate to exhaust state remedies. *Roettgen*, 33 F.3d at 38. "Submitting a new claim to the state's highest court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation." *Id.* (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)).[1]   Here, Petitioner proffers nothing to show that any of his federal claims were not cognizable on direct appeal or in his PCR proceeding.  The Arizona Court of Appeals declined to exercise jurisdiction over the special action petition, and thus did not actually consider on the merits any of Petitioner's claims raise therein.  Accordingly, this proceeding could not have resulted in the proper exhaustion of any of Petitioner's claims.

### b.   Ground One

In Ground One, Petitioner asserts that (a) he received ineffective assistance of counsel, based on counsel's failure to: (1) present a competent defense, (2) call expert witnesses, (3) offer evidence on Petitioner's behalf, (4) object to hearsay, (5) allow Petitioner to testify, and (6) move for a mistrial upon admission of evidence on a sanitized historical prior.  He also asserts that (b) his Sixth Amendment right to compulsory process and his Fourteenth Amendment right to equal protection were violated because counsel prevented him from testifying.

### (1).  Ineffective Assistance – Ground 1(a)

Respondents argue that Petitioner's claim of ineffective assistance was not properly exhausted and is now procedurally defaulted under Arizona's waiver bar. (Supp. Ans., Doc. 19 at 4-5.)

Petitioner replies that he attempted to exhaust.  (Supp. Reply, Doc. 20 at 2.)

---

[1] One exception recognized in Arizona is an interlocutory double jeopardy claim. *See State v. Moody*, 94 P.3d 1119, 1133 (Ariz. 2004).  Petitioner did not assert such a claim in his Petition for Special Action (Exhibit N).

Petitioner did not raise any claims of ineffective assistance on direct appeal. (*See* Exhibit J, Opening Brief.) He did, however, raise various claims of ineffective assistance in his Petition for Review ("PFR") (Exhibit L) in his PCR proceeding.

Ineffective assistance claims are not fungible, but must each be specifically argued. *See Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982) (presentation of "additional facts of attorney incompetence" transformed claim into one not presented to state court); and *Carriger v. Lewis*, 971 F.2d 329, 333-34 (9th Cir. 1992) (rejecting argument that presentation of any claim of ineffectiveness results in fair presentation of all claims of ineffective assistance).

**(a).** *Competent Defense – Ground 1(a)(1)*

In Ground 1(a)(1), Petitioner argues counsel was ineffective for failing to present a defense. Petitioner argued in his PFR that trial counsel failed to call any witnesses in his behalf. (Exhibit L at 6.) The Arizona Court of Appeals addressed this claim (referring to the failure to call "lay and expert witnesses). (Exhibit B, Mem. Dec. 4/28/15 at ¶ 4.) Thus, to the extent that Petitioner's present claim relates to the failure to call witnesses, his claim was fairly presented and addressed on the merits, and thus his state remedies were exhausted.

However, to the extent that Petitioner now intends to assert that there were other unspecified failures that amounted to failure to present a competent defense, Petitioner did not fairly present such a claim and it is now procedurally defaulted.

**(b).** *Expert Witnesses  - Ground 1(a)(2)*

In Ground 1(a)(2), Petitioner argues that counsel was ineffective for failing to call expert witnesses. Petitioner argued in his PFR that counsel failed to call an expert witness from the banking industry. (Exhibit L at 6-7, 8.) The Arizona Court of Appeals addressed this claim, albeit concluding that it was conclusory because Petitioner had failed to provide affidavits from the proposed witnesses. (Exhibit B, Mem. Dec. 4/28/15

at ¶ 4.)  Thus, to the extent that Petitioner's present claim relates to the failure to call a banking expert, his claim was fairly presented and addressed on the merits, and thus his state remedies were exhausted.

However, to the extent that Petitioner now intends to assert that there were other expert witnesses that counsel should have called, Petitioner did not fairly present such a claim and it is now procedurally defaulted.

**(c).** *Evidence Not Offered  - Ground 1(a)(3)*

In Ground 1(a)(3), Petitioner argues that trial counsel was ineffective for failing to offer evidence in Petitioner's behalf.  Petitioner argued in his PFR that counsel failed to investigate and present various documentary evidence.  (Exhibit L at 7, 9.)  The Arizona Court of Appeals addressed this claim, concluding that counsel could have made a reasonable strategic decision to not offer the documents.  (Exhibit B, Mem. Dec. 4/28/15 at ¶ 5.)  Thus, this claim was fairly presented and addressed on the merits, and thus Petitioner's state remedies on it were properly exhausted.

**(d).** *Hearsay Objection  - Ground 1(a)(4)*

In Ground 1(a)(4), Petitioner argues that trial counsel was ineffective for filing to object to hearsay.  Petitioner made no argument in his PFR regarding a failure to object to hearsay.  (*See generally* Exhibit L.)  At most, Petitioner complained that counsel "failed to object to FBI agent's testimony," (*id.* at 7), but made no reference to a basis for a hearsay objection.    Nor did the Arizona Court of Appeals address such a claim.  (*See generally* Exhibit B, Mem. Dec. 4/28/15.)  Accordingly, Petitioner did not fairly present such a claim and it is now procedurally defaulted.

**(e).** *Petitioner's Testimony  - Ground 1(a)(5)*

In Ground 1(a)(5), Petitioner argues that trial counsel was ineffective for failing to allow Petitioner to testify.  Petitioner made no such argument in his PFR, and at most

complained that counsel inadequately advised Petitioner about what he could and could not say. (Exhibit L, PFR at 9.) Nor did the Arizona Court of Appeals address such a claim. (*See generally* Exhibit B, Mem. Dec. 4/28/15.) Accordingly, Petitioner did not fairly present such a claim and it is now procedurally defaulted.

### (f). *Mistrial on Prior - Ground 1(a)(6)*

Finally, in Ground 1(a)(6) Petitioner argues that trial counsel should have moved for a mistrial "when State inquired about a historical prior that was sanitized." (Amend. Pet. Doc. 10 at 6.) In his PFR, Petitioner did argue that counsel was ineffective for failing to move for a mistrial, but that was limited to a motion based on "when the court improperly commented on the evidence" by admonishing that the law did not authorize Petitioner's actions, and based on "questions that referenced religion and…questions re fraudulent documents." (Exhibit L, PFR at 9, 7.) The Arizona Court of Appeals addressed those claims, but did not address a claim regarding a sanitized prior. (Exhibit B, Mem. Dec. 4/28/15 at ¶ 9.) Those are fundamentally different claims from the one Petitioner now raises, focusing on very different events, *i.e.* questioning about a sanitized prior conviction vs. admonishments by the court or questions about other fraudulent documents or religion.

Additionally, Petitioner did assert a claim on direct appeal that questions which he described as being directed to a prior conviction should have resulted in a mistrial. But he did not present this as a claim of ineffective assistance of counsel. Presenting the related underlying claim does not exhaust the claim of ineffective assistance. "While [the ineffective assistance and underlying constitutional claim are] admittedly related, they are distinct claims with separate elements of proof, and each claim should have been separately and specifically presented to the state courts." *Rose v. Palmateer*, 395 F.3d 1108, 1112 (9th Cir. 2005).

Accordingly, Petitioner did not fairly present this claim and it is now procedurally defaulted.

### (2). Petitioner's Testimony – Ground 1(b)

Despite it being recognized in the Service Order (Doc. 11), Respondents do not separately address the exhaustion of Petitioner's Sixth Amendment Compulsory Process and Fourteenth Amendment claims. Petitioner argues that the State violated his Sixth Amendment and Due Process "right to have compulsory process for obtaining witnesses" and denied Petitioner equal protection as guaranteed by the Fourteenth Amendment. (Amend. Pet., Doc. 10 at 6.)

In his PFR, Petitioner did reference his Sixth Amendment right to compulsory process, but did so only as part of his argument that counsel was deficient for failing to call witnesses. (Exhibit L, PFR at 6.) The Arizona Court of Appeals did not address a compulsory process claim. (Exhibit B, Mem. Dec. 4/28/15.) Presenting the related underlying claim does not exhaust the claim of ineffective assistance. *Rose*, 395 F.3d at 1112. Accordingly, Petitioner did not fairly present this claim and it is now procedurally defaulted.

Finally, Petitioner did argue in his PFR that he was denied his Fourteenth Amendment rights, but the arguments he raised were under the due process clause, not an equal protection claim. (Exhibit L, PFR at 9, 13.) The Arizona Court of Appeals did not address an equal protection claim. (Exhibit B, Mem. Dec. 4/28/15.) Accordingly, Petitioner did not fairly present this claim and it is now procedurally defaulted.

### c.   Ground Two – Sentencing Error

In Ground 2, Petitioner argues that his Sixth and Fourteenth Amendment rights were violated because the trial court treated a prior conviction, which Petitioner claims was supposed to have been reduced to a misdemeanor following the successful completion of probation, as a felony and used it to enhance Petitioner's sentences in this case.

Respondents argue that this claim was procedurally barred by the Arizona Court of Appeals based upon Petitioner's failure to raise it to the trial court. (Supp. Answer at

5.)  Petitioner simply replies on the basis of the merits of the claim.  (Supp. Reply at 2.)

Indeed, Petitioner argued the purported sentencing error and argued that it amounted to a violation of "Due Process of the U.S. Constitution 14[th] Amendment." (Exhibit L, PFR at 13.)  The Arizona Court of Appeals addressed the claim, and opined:

> Finally, Carpenter argues the trial court erred when it failed to designate as a misdemeanor a prior conviction in a 2003 case. We deny review because Carpenter did not raise this issue as part of the Rule proceedings below. Carpenter raised this issue in a "Motion for Correction of Error" he filed pursuant to Rule 24 .4 after the court dismissed his petition for post-conviction relief. A petition for review from the denial of post-conviction relief may not present issues not first presented to the trial court in the petition for post-conviction relief.

(Exhibit B, Mem. Dec. 4/28/15 at ¶ 11 (citing *inter alia* Ariz. R.Crim. P. 32.9(c)(l)(ii)).)

Rule 32.9(c)(1)(ii) requires that a petition for review contain: "The issues which were decided by the trial court and which the defendant wishes to present to the appellate court for review."  *See also State v. Ramirez*, 126 Ariz. 464, 468, 616 P.2d 924, 928 (Ariz.App., 1980) (issues first presented in petition for review and not presented to trial court not subject to review).

Respondents have not identified or argued Rule 32.9(c)(1)(ii) as a procedural bar. If Respondents were now relying upon it as a basis for procedural default of an unpresented claim, the undersigned would treat the failure to argue the rule as a waiver of the procedural default for two reasons.  First, the defense would be deemed waived based upon failure to comply with the Court's order mandating that the procedural bars relied upon as a bases for procedural default be explicitly identified for each claim.  (*See* Order 4/4/16, Doc. 9 at 2; Order 9/28/16, Doc. 18 at 3.)  Second, the failure to identify such bases deprives Petitioner of a fair opportunity to refute the defense.  (*See*  Order 9/28/16, Doc. 18 at 2.)

But here the actual application of the bar is explicit within the opinion of the Arizona Court of Appeals.  Thus, Petitioner has had a fair opportunity to identify and address the issue.

Thus, the undersigned concludes that Petitioner's due process claim in Ground 2

was procedurally barred by application of Rule 32.9(c)(1)(ii).   Petitioner presents

nothing to suggest that Rule 32.9(c)(1)(ii) is not an independent and adequate state bar.

### d.   Ground Three – Malicious Prosecution

In Ground 3, Petitioner argues claims of malicious prosecution and false

imprisonment in violation of the 14th Amendment, based upon the expiration of the

statute of limitations, and reliance upon the misdemeanor prior.

Respondents again recognize only a portion of Petitioner's claim, casting it as a

simple argument that the state violated the statute of limitations.  (Supp. Ans., Doc. 19 at

2.)  Respondents argue this abbreviated claim was unexhausted and is now waived. (*Id.*

at 5.)   Petitioner replies based on the merits.

Petitioner raised no arguments regarding the statute of limitations, malicious

prosecution, or false imprisonment on direct appeal (*see generally* Exhibit J, Opening

Brief), or in his PFR (*see generally* Exhibit L).  The Arizona Court of Appeals did not

address any such claims on direct appeal (*see generally* Exhibit C, Mem. Dec. 10/16/12),

or on petition for review in the PCR proceeding (*see generally* Exhibit B, Mem. Dec.

4/28/15).

The only portion of Ground Three ever presented to the Arizona Court of Appeals

was Petitioner's arguments regarding the classification of the prior as a misdemeanor

addressed herein above with regard to Ground 2.    However, Petitioner did not case that

error in terms of malicious prosecution or false imprisonment, and the Arizona Court of

Appeals did not address it on that basis.

Accordingly, none of Ground Three was fairly presented to the Arizona Court of

Appeals, and the entire ground is now procedurally defaulted.

### e.   Ground Four – Trial Court Errors

In Ground 4, Petitioner argues that various constitutional rights were violated

based on the trial court's purported comments on the evidence, failure to declare a

mistrial based upon questions about prior bad acts, and by improperly limiting the scope of Petitioner's testimony.

Respondents argue, in essence, that Petitioner raised the underlying facts as state law claims on direct appeal, but did not raise them as a federal claims, and his federal claims are now waived under Rule 32.2(a)(3).  (Supp. Ans., Doc. 19 at 5-6.)

Petitioner complains that Respondents are inconsistent on whether these claims were argued and then asserts that exhaustion was attempted through his special action. (Supp. Reply, Doc. 20 at 3.)  As discussed hereinabove, presentation in the petition for special action did not result in proper exhaustion of state remedies.

It is true that the underlying facts and state law claims of Ground 4 were raised by Petitioner on direct appeal.  He argued that the trial court improperly commented on the evidence (Exhibit J, Opening Brief at 28-30), erred in not declaring a mistrial based on the prior bad acts questions (*id.* at 31-33), and improperly limited Petitioner's testimony (*id.* at 34-36).  However, Petitioner did not assert any federal constitutional basis for any of these claims.  Instead, he raised them solely as state law claims.  Failure to alert the state court to the federal, constitutional nature of the claim will amount to failure to exhaust state remedies.  *Duncan*, 513 U.S. at 366. It is not enough that a "somewhat similar state law claim was made." *Anderson*, 459 U.S. at 6.

### f.   Summary Re Exhaustion

Based upon the foregoing,  the undersigned concludes that Petitioner **properly exhausted** his state remedies as to: (1) the portion of Ground 1(a)(1) based upon counsel's failure to call witnesses; (2) the portion of Ground 1(a)(2) based upon counsel's failure to call a banking expert; and (3) Ground 1(a)(3) (ineffectiveness re documents).

Also based the undersigned concludes that Petitioner has **procedurally defaulted** on: (1) the portion of Ground 1(a)(1) *not* based upon counsel's failure to call witnesses; (2) the portion of Ground 1(a)(2) *not* based upon counsel's failure to call a banking

expert; (3) Grounds 1(a)(4), (5) and (6); (4) Ground 1(b); (5) Grounds 3 and 4.

Finally, based on the foregoing, the undersigned concludes that Petitioner was **procedurally barred** on independent and adequate state grounds from asserting Ground 2.

### 5.   <u>Cause and Prejudice</u>

If the habeas petitioner has procedurally defaulted on a claim, or it has been procedurally barred on independent and adequate state grounds, he may not obtain federal habeas review of that claim absent a showing of "cause and prejudice" sufficient to excuse the default. *Reed v. Ross*, 468 U.S. 1, 11 (1984).

"Cause" is the legitimate excuse for the default. *Thomas v. Lewis*, 945 F.2d 1119, 1123 (1991). "Because of the wide variety of contexts in which a procedural default can occur, the Supreme Court 'has not given the term "cause" precise content.'" *Harmon v. Barton*, 894 F.2d 1268, 1274 (11th Cir. 1990) (quoting Reed, 468 U.S. at 13), *cert. denied*, 498 U.S. 832 (1990).  The Supreme Court has suggested, however, that cause should ordinarily turn on some objective factor external to petitioner, for instance:

> ... a showing that the factual or legal basis for a claim was not reasonably available to counsel, or that "some interference by officials", made compliance impracticable, would constitute cause under this standard.

*Murray v. Carrier*, 477 U.S. 478, 488 (1986) (citations omitted).

Petitioner makes no explicit argument regarding cause and prejudice.  He does, however raise several arguments that would suggest that this Court should find cause to excuse his procedural defaults, including: (1) his *pro se* status in this proceeding, and limited access to legal resources (Amend. Reply, Doc. 17 at 1); (2) with regard to Ground Three, he only recently learned of the statute of limitations and his constitutional right to equal protection (*Id.* at 4) and the court refused to take Petitioner's documents (Amend. Petition, Doc. 10 at 8).

***<u>Pro Se</u>*** **<u>Status in This Case</u>** – Petitioner raises his *pro se* status in this case, and

21

his limited legal resources.  (Amend. Reply, Doc. 17 at 1.)

The "cause and prejudice" standard is equally applicable to pro se litigants, *Harmon v. Barton*, 894 F.2d 1268, 1274 (11th Cir. 1990); *Hughes v. Idaho State Board of Corrections*, 800 F.2d 905, 908 (9th Cir. 1986), whether literate and assisted by "jailhouse lawyers", *Tacho*, 862 F.2d at 1381; illiterate and unaided, *Hughes*, 800 F.2d at 909, or non-English speaking.  *Vasquez v. Lockhart*, 867 F.2d 1056, 1058 (9th Cir. 1988), cert. denied, 490 U.S. 1100 (1989).

Of course, Petitioner's filings in this action must be read in light of his *pro se* status.  "We must construe pro se habeas filings liberally, and may treat the allegations of a verified complaint or petition as an affidavit."  *Laws v. Lamarque*, 351 F.3d 919, 924 (9th Cir. 2003).  But that does not permit the Court to manufacture bases for cause and prejudice.

Moreover, any current difficulties Petitioner faces in litigating his claims would not excuse his failings to exhaust his state remedies in his state court proceedings.  Further, Petitioner had the benefit of counsel in both his state direct appeal and his state petition for post-conviction relief.

**Recent Discovery** – Petitioner argues that he only recently discovered his claims in Ground Three.  While the discovery of the factual predicate of a claim, if coupled with a showing of diligence, may justify a delayed start of the habeas statute of limitations, *see*  28 U.S.C. § 2244(d)(1)(D), it does not of itself establish cause for failure to exhaust administrative remedies.  Further, Petitioner does not assert the discovery of facts, but of law.  Section 2244(d)(1)(D) does not extend to a lack of knowledge of the law, unless it constitutes a decision in Petitioner's own case.  *Shannon v. Newland*, 410 F.3d 1083, 1088 (9th Cir. 2005) (distinguishing between discovery of changes or clarifications in state law and discovery of "factual predicate").  Petitioner does not suggest that he still has state remedies available to him to raise these challenges as a result of his delayed discovery of the legal basis for his claims.

**Refusal of Amended State Petition** – Finally, Petitioner complains that the state

court denied his attempt to file an amended petition, justifying consideration of his

Ground Three.   It appears Petitioner refers to his attempted Amended Petition for

Review (Exhibit M) in his PCR proceeding.    However, Petitioner offers nothing to

suggest that the denial of his attempt to amend was somehow wrongly decided.

Nor does he show that the proffered amended petition fairly presented his claims

in Ground Three.   In Ground 3, Petitioner argues claims of malicious prosecution and

false imprisonment in violation of the 14th Amendment, based upon the expiration of the

statute of limitations, and reliance upon the misdemeanor prior.   Petitioner's Amended

Petition for Review did not raise any claims of malicious prosecution or false

imprisonment, nor did it raise a statute of limitation defense.   Rather the Amended

Petition for Review simply argued that the prior conviction was improperly designated as

a felony in violation of his plea agreement (Exhibit M at 14, *et seq.*) and that PCR

counsel was ineffective (*id.* at 19, *et seq.*).

**Summary re Cause and Prejudice** – Based upon the foregoing, the undersigned

concludes that Petitioner has failed to establish cause to excuse his procedural defaults.

Both "cause" and "prejudice" must be shown to excuse a procedural default,

although a court need not examine the existence of prejudice if the petitioner fails to

establish cause. *Engle v. Isaac*, 456 U.S. 107, 134 n. 43 (1982); *Thomas v. Lewis*, 945

F.2d 1119, 1123 n. 10 (9th Cir.1991).   Petitioner has filed to establish cause for his

procedural default.   Accordingly, this Court need not examine the merits of Petitioner's

claims or the purported "prejudice" to find an absence of cause and prejudice.

## 6.   <u>Actual Innocence</u>

The standard for "cause and prejudice" is one of discretion intended to be flexible

and yielding to exceptional circumstances, to avoid a "miscarriage of justice." *Hughes v.*

*Idaho State Board of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986).   Accordingly,

failure to establish cause may be excused "in an extraordinary case, where a

constitutional violation has probably resulted in the conviction of one who is actually

innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986) (emphasis added).  Although not explicitly limited to actual innocence claims, the Supreme Court has not yet recognized a "miscarriage of justice" exception to exhaustion outside of actual innocence.  *See* Hertz & Lieberman, *Federal Habeas Corpus Pract. & Proc.* §26.4 at 1229, n. 6 (4th ed. 2002 Cumm. Supp.).  The Ninth Circuit has expressly limited it to claims of actual innocence.  *Johnson v. Knowles*, 541 F.3d 933, 937 (9th Cir. 2008).

A petitioner asserting his actual innocence of the underlying crime must show "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence" presented in his habeas petition.  *Schlup v. Delo*, 513 U.S. 298, 327 (1995).  A showing that a reasonable doubt exists in the light of the new evidence is not sufficient.  Rather, the petitioner must show that no reasonable juror would have found the defendant guilty.  *Id*. at 329.  This standard is referred to as the "*Schlup* gateway."  *Gandarela v. Johnson*, 286 F.3d 1080, 1086 (9th Cir. 2002)..

Petitioner proffers nothing to show that no reasonable juror would have found him guilty.  At best, Petitioner makes conclusory arguments that had a 1933 Mortgage Abatement Program and unspecified testimony by unidentified witnesses and Petitioner been presented at trial, he would not have been convicted.  (Amended Reply, Doc. 17 at 2.)  Petitioner fails to explain how such evidence would show his innocence, let alone meet the exacting standards for a claim of procedural actual innocence.  Such conclusory arguments do not meet Petitioner's burden under *Schlup*.

Accordingly his procedurally defaulted and procedurally barred claims must be dismissed with prejudice.

**B.**   **MERITS OF EXHAUSTED CLAIMS**

Petitioner has properly exhausted his state remedies as to: (1) the portion of Ground 1(a)(1) based upon counsel's failure to call witnesses; (2) the portion of Ground 1(a)(2) based upon counsel's failure to call a banking expert; and (3) Ground 1(a)(3) (ineffectiveness re documents).

1   **1.    Standard of Review**

2        **Standard Applicable on Habeas** - While the purpose of a federal habeas

3   proceeding is to search for violations of federal law, in the context of a prisoner "in

4   custody pursuant to the judgment a State court," 28 U.S.C. § 2254(d) and (e), not every

5   error justifies relief.

6        **Errors of Law** - "[A] federal habeas court may not issue the writ simply because

7   that court concludes in its independent judgment that the state-court decision applied [the

8   law] incorrectly." *Woodford v. Visciotti*, 537 U. S. 19, 24– 25 (2002) (per curiam).  To

9   justify habeas relief, a state court's decision must be "contrary to, or an unreasonable

10  application of, clearly established Federal law, as determined by the Supreme Court of

11  the United States" before relief may be granted.  28 U.S.C. §2254(d)(1).

12       **Errors of Fact** -  Federal courts are further authorized to grant habeas relief in

13  cases where the state-court decision "was based on an unreasonable determination of the

14  facts in light of the evidence presented in the State court proceeding."  28 U.S.C. §

15  2254(d)(2).  "Or, to put it conversely, a federal court may not second-guess a state court's

16  fact-finding process unless, after review of the state-court record, it determines that the

17  state court was not merely wrong, but actually unreasonable."  *Taylor v. Maddox*, 366

18  F.3d 992, 999 (9th Cir. 2004).

19       Moreover, a state prisoner is not free to attempt to retry his case in the federal

20  courts by presenting new evidence.   There is a well-established presumption of

21  correctness of state court findings of fact.  This presumption has been codified at 28

22  U.S.C. § 2254(e)(1), which states that "a determination of a factual issue made by a State

23  court shall be presumed to be correct" and the petitioner has the burden of proof to rebut

24  the presumption by "clear and convincing evidence."

25       **Applicable Decisions** – In evaluating state court decisions, the federal habeas

26  court looks through summary opinions to the last reasoned decision.  *Robinson v.*

27  *Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004).

28       **No Decision on the Merits** – The limitations of 28 U.S.C. § 2254(d) only apply

25

where a claim has been "adjudicated on the merits in State court."  Thus, where a petitioner has raised a federal claim to the state courts, but they have not addressed it on its merits, then the federal habeas court must address the claim *de novo*, and the restrictive standards of review in § 2254(d) do not apply.  *Johnson v. Williams*, 133 S.Ct. 1088, 1091-92 (2013). *See id.* (adopting a rebuttable presumption that a federal claim rejected by a state court without being expressly addressed was adjudicated on the merits).

**2.**       **Standard for Ineffective Assistance Claims**

**Applicable Standard on Ineffective Assistance Claims** –   Generally, claims of ineffective assistance of counsel are analyzed pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984).  In order to prevail on such a claim, Petitioner must show:  (1) deficient performance - counsel's representation fell below the objective standard for reasonableness; and (2) prejudice - there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at  687-88.  Although the petitioner must prove both elements, a court may reject his claim upon finding either that counsel's performance was reasonable or that the claimed error was not prejudicial.  *Id.* at 697.

There is a strong presumption counsel's conduct falls within the wide range of reasonable professional assistance and that, under the circumstances, the challenged action might be considered sound trial strategy.   *U.S. v. Quinterro-Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1995), *cert. denied*, 519 U.S. 848 (1996); *U.S. v. Molina*, 934 F.2d 1440, 1447 (9th Cir. 1991).    The court should "presume that the attorneys made reasonable judgments and decline to second guess strategic choices."  *U.S. v. Pregler*, 233 F.3d 1005, 1009 (7th Cir. 2000).

An objective standard applies to proving such deficient performance, and requires a petitioner to demonstrate that counsel's actions were "outside the wide range of professionally competent assistance, and that the deficient performance prejudiced the

defense." *United States v. Houtcens*, 926 F.2d 824, 828 (9th Cir. 1991) (quoting *Strickland*, 466 U.S. at 687-90).   The reasonableness of counsel's actions is judged from counsel's perspective at the time of the alleged error in light of all the circumstances. *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986); *Strickland*, 466 U.S. at 689.

"The law does not require counsel to raise every available nonfrivolous defense. Counsel also is not required to have a tactical reason—above and beyond a reasonable appraisal of a claim's dismal prospects for success—for recommending that a weak claim be dropped altogether." *Knowles v. Mirzayance*, 556 U.S. 111, 127 (2009) (citations omitted).

Moreover, it is clear that the failure to take futile action can never be deficient performance. *See Rupe v. Wood*, 93 F.3d 1434, 1445 (9th Cir.1996); *Sexton v. Cozner*, 679 F.3d 1150, 1157 (9th Cir. 2012).   "The failure to raise a meritless legal argument does not constitute ineffective assistance of counsel."   *Baumann v. United States*, 692 F.2d 565, 572 (9th Cir. 1982).

### 3.   Merits of Ground 1(a)(1) – Ineffectiveness re Witnesses

In the exhausted portion of Ground 1(a)(1), Petitioner argues that trial counsel was ineffective for failing to call witnesses to testify in his behalf.   Respondents argue that Petitioner has failed to adequately support this claim with testimony of the intended witnesses, and thus the state court properly rejected it. (Answer, Doc. 12 at 12-13.)

Indeed, the Arizona Court of Appeals rejected this claim, stating: "Because Carpenter did not provide affidavits from the witnesses containing the testimony they would have provided, Carpenter has failed to present a colorable claim."   (Exhibit B, Mem. Dec. 4/28/15 at ¶ 4.)

A petitioner may not simply speculate about what a witness' testimony might be, but must adduce evidence to show what it would have been. *Grisby v. Blodgett*, 130 F.3d 365, 373 (9th Cir. 1997).   "[E]vidence about the testimony of a putative witness

must generally be presented in the form of actual testimony by the witness or on affidavit. A defendant cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim."  *U.S. v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991).

Here, Petitioner does not merely speculate about potential witnesses' testimony, but leaves this Court, as he left the state court, to speculate on its own about such testimony.

Under these circumstances, this claim of ineffective assistance is conclusory and without merit, and Petitioner fails to show that he is entitled to relief under 28 U.S.C. § 2254(d).

**4.      Merits of Ground 1(a)(2) – Ineffectiveness re Banking Expert**

Similarly, Petitioner fails to support his claim in Ground 1(a)(2) with anything more than bald speculation that banking experts would have proffered exculpating testimony.  Indeed, the Arizona Court of Appeals observed:  "Carpenter conceded in the reply he filed below that he did not know what testimony any 'banking experts' could have provided."  (Exhibit B, Mem. Dec. 4/28/15 at ¶ 4 n.1)

Under these circumstances, this claim of ineffective assistance is conclusory and without merit, and Petitioner fails to show that he is entitled to relief under 28 U.S.C. § 2254(d).

**5.      Merits of Ground 1(a)(3) – Ineffectiveness re Documents**

In Ground 1(a)(3), Petitioner argues that counsel failed to present various documentary evidence.  Respondents argue that the Arizona Court of Appeals properly concluded that Petitioner had failed to show deficient performance.  (Answer, Doc. 12 at 13.)

The state court opined:

Carpenter next argues his trial counsel was ineffective when she failed or refused to offer into evidence documents Carpenter provided to her. Carpenter claims the documents would have shown why he believed what he was doing was legal. The first document was a promissory note that was not related to any transaction at issue. Carpenter did not submit the document for inclusion in the record but referenced it during trial and in his affidavit. The second document was a copy of a 1933 joint resolution of the Congress of the United States "To Suspend The Gold Standard And Abrogate The Gold Clause." The third document was an article from the internet by an unidentified author who, among other things, instructs the reader that a court of law has no jurisdiction over the reader if the caption of the case spells the reader's name in capital letters.

Carpenter has failed to present a colorable claim for relief. The reasonableness of counsel's actions may be determined by the information supplied to counsel by the defendant. *Strickland*, 466 U.S. at 691. A review of the documents shows counsel's failure and/or refusal to offer the documents into evidence was a sound strategic choice that did not fall below objectively reasonable standards. Strategic choices of counsel "are virtually unchallengeable." *Id.* at 690-691. Carpenter has also failed to present a colorable claim because he has failed to demonstrate these documents had any relevance to his defense or his case in general or that there is a reasonable probability their admission would have changed the outcome of the proceeding.

(Exhibit B, Mem. Dec. 4/28/15 at ¶¶ 5-6.)

Petitioner proffers nothing to show that this decision was an unreasonable determination of the facts.

Nor does Petitioner show that it was an unreasonable application of or contrary to federal law.  There is a strong presumption counsel's conduct falls within the wide range of reasonable professional assistance and that, under the circumstances, the challenged action might be considered sound trial strategy.  *United States v. Quinterro-Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1995), *cert. denied*, 519 U.S. 848 (1996); *United States v. Molina*, 934 F.2d 1440, 1447 (9th Cir. 1991).   The court should "presume that the attorneys made reasonable judgments and decline to second guess strategic choices." *United States v. Pregler*, 233 F.3d 1005, 1009 (7th Cir. 2000).   The court need not determine the actual reason for an attorney's actions, as long as the act falls within the range of reasonable representation.   *Morris v. California*, 966 F.2d 448, 456-457 (9th Cir. 1991), *cert. denied*, 113 S. Ct. 96 (1992).  Tactical decisions with which a defendant disagrees cannot form the basis for a claim of ineffective assistance of counsel. *Id.* at

29

456.  "Mere criticism of a tactic or strategy is not in itself sufficient to support a charge of inadequate representation." *Gustave v. United States*, 627 F.2d 901, 904 (9th Cir. 1980).

Petitioner still leaves this Court to speculate how the referenced documents would have been beneficial to his case, or that they would have altered the outcome.  As such, this Court must presume that their exclusion was a reasonable strategic decision.

Under these circumstances, this claim of ineffective assistance is conclusory and without merit, and Petitioner fails to show that he is entitled to relief under 28 U.S.C. § 2254(d).

## C.   <u>SUMMARY</u>

Based upon the foregoing, the undersigned concludes that Petitioner's claims are either procedurally defaulted, or were procedurally barred on independent and adequate state grounds, and thus must be dismissed, or they are without merit.

## IV.   CERTIFICATE OF APPEALABILITY

<u>Ruling Required</u> - Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment.  The recommendations if accepted will result in Petitioner's Petition being resolved adversely to Petitioner.  Accordingly, a decision on a certificate of appealability is required.

<u>Applicable Standards</u> - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

**Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be in part on procedural grounds, and in part on the merits. Under the reasoning set forth herein, jurists of reason would not find it debatable whether the district court was correct in its procedural ruling, and jurists of reason would not find the district court's assessment of the constitutional claims debatable or wrong.

Accordingly, to the extent that the Court adopts this Report & Recommendation as to the Petition, a certificate of appealability should be denied.

## V.   RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the following portions of Petitioner's Amended Petition for Writ of Habeas Corpus, filed April 11, 2016 (Doc. 10) be **DENIED**: (1) the portion of Ground 1(a)(1) based upon counsel's failure to call witnesses; (2) the portion of Ground 1(a)(2) based upon counsel's failure to call a banking expert; and (3) Ground 1(a)(3) (ineffectiveness re documents).

**IT IS FURTHER RECOMMENDED** that the remainder of Petitioner's Amended Petition for Writ of Habeas Corpus, filed April 11, 2016 (Doc.   10) be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that, to the extent the foregoing findings and recommendations are adopted in the District Court's order, a Certificate of Appealability be **DENIED**.

## VI. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See also* Rule 8(b), Rules Governing Section 2254 Proceedings. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated: October 31, 2016

16-0471r RR 16 06 23 on HC.docx

James F. Metcalf
United States Magistrate Judge

32